FILED
United States Court of Appeals
Tenth Circuit

May 13, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BILLY W. VUNCANNON,

     Petitioner - Appellant,

v.

STEVEN HARPE, Director of Oklahoma
Department of Corrections,

    Respondent - Appellee.

No. 24-6032
(D.C. No. 5:21-CV-01128-JD)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Petitioner Billy VunCannon, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to appeal the district court's dismissal of his

28 U.S.C. § 2254 petition for federal habeas relief.  We deny his request and dismiss the

matter.

I

On June 14, 2019, VunCannon pleaded guilty in the Cleveland County District

Court to one count of forcible sodomy and two counts of lewd molestation/indecent

proposal to a child.  The state trial court sentenced VunCannon on that same date to a

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

twenty-year term of imprisonment for the forcible sodomy conviction and thirty-year terms of imprisonment, with ten years suspended, for each of the two remaining convictions. The state trial court ordered the sentences to run concurrently to each other. VunCannon did not file a direct appeal.

In July 2020, VunCannon attempted to subpoena records from the Norman (Oklahoma) Police Department and the Cleveland County Assessor's Office. He also filed in Cleveland County District Court an unsuccessful motion for discovery.

In April 2021, VunCannon filed with the state trial court various pro se pleadings that were ultimately construed as an application for state post-conviction relief. In July 2021, the State of Oklahoma successfully moved to strike VunCannon's pleadings because they exceeded the applicable page limitations. VunCannon appealed the state district court's order to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed the state district court's ruling. In doing so, the OCCA held that the issues that VunCannon was attempting to raise in his application were waived and procedurally barred because they could and should have been raised on direct appeal.

In November 2021, VunCannon filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 asserting twenty-two grounds for relief. In January 2022, the magistrate judge assigned to the case issued a report and recommendation and recommended that VunCannon's petition be dismissed as untimely. Although VunCannon argued in his petition that he had been impeded by his defense counsel, the state district court, and the State of Oklahoma from filing his federal habeas petition in a timely manner, the magistrate judge rejected that argument. The magistrate judge

therefore concluded that 28 U.S.C. § 2244(d)(1)(B)[1] was inapplicable and did not operate to delay the running of the one-year limitation period. The magistrate judge also concluded that VunCannon was not entitled to statutory tolling of the one-year limitations period because the documents he filed attempting to seek state post-conviction relief were filed after the expiration of the one-year limitations period. Further, the magistrate judge concluded there were no extraordinary circumstances that entitled VunCannon to equitable tolling of the one-year limitations period. Lastly, the magistrate judge noted that VunCannon did not present any new evidence indicating he was actually innocent of the crimes of conviction.

In February 2024, the district court adopted the magistrate judge's report and recommendation and dismissed VunCannon's petition as untimely. In doing so, the district court rejected VunCannon's various objections to the report and recommendation, including (a) his argument that the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) recognized a new constitutional right or otherwise rendered his federal habeas petition timely, (b) his argument that the State's failure to provide him with transcripts prevented him from timely filing his federal habeas petition, and (c) his assertion that exculpatory evidence allegedly withheld by the State would prove his actual innocence. The district court also denied VunCannon a COA, concluding that

---

[1] Section 2244(d)(1)(B) provides that the one-year period of limitation applicable to federal habeas petitions filed pursuant to § 2254 "shall run from . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

3

"reasonable jurists could not debate [its] determination that VunCannon's habeas petition [wa]s untimely under § 2244(d) and that he [wa]s not entitled to statutory or equitable tolling or equitable exception for actual innocence." R. vol. II at 61.

After the district court entered judgment in the case, VunCannon filed a timely notice of appeal. He has since filed with this court an application for COA and a motion to proceed in forma pauperis (IFP).

II

To obtain a COA when the district court has dismissed a petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* If we conclude that jurists of reason would not debate the district court's procedural ruling, we need not address the constitutional question. *Id.* at 485.

A one-year period of limitation applies to federal habeas petitions filed by state prisoners under § 2254. *See* 28 U.S.C. § 2244(d)(1). Generally, that one-year limitation period runs from the date on which the criminal judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(B). In this case, it is undisputed that VunCannon's conviction became final on June 24, 2019, when the ten-day time period provided by Oklahoma law for him to

4

file an application to withdraw his guilty plea expired. It is also undisputed that VunCannon did not file his federal habeas petition until November 29, 2021, approximately seventeen months after the expiration of the one-year limitations period.

In his application for COA, VunCannon begins by arguing that the one-year limitations period "does not apply to plea agreement(s) arising from within the State of Oklahoma." App. at ii. We summarily reject this argument. Not only did VunCannon fail to raise this argument below, there is no case law to support it and, thus, reasonable jurists would not agree with his argument in any event.

VunCannon next argues that the one-year limitations period does not apply to his case because "the judgment is void." *Id.* at 10. We reject this argument for the same reasons as his first.

VunCannon also appears to argue that the district court erred in dismissing his ineffective assistance of counsel claim as untimely because "[t]he United States Supreme Court" has held "that a pro se litigant is not required to exhaust claims of ineffective assistance of counsel with the highest court of a state prior to raising those claims for the first time within a habeas petition." *Id.* This argument, however, conflates the doctrine of exhaustion of remedies with the statutory requirement that a federal habeas petition be filed within the one-year limitation period. We therefore conclude that reasonable jurists would not be persuaded by this argument.

Lastly, VunCannon argues that the district court erred in rejecting his claim that he was entitled to an actual innocence exception to the one-year limitation period. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that "actual innocence, if

proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations").  He argues in support that "[n]o jury would ever find [him] guilty of the case in point because [he] did not commit the crime."  *Id.* at 14.  But, as the district court noted, VunCannon points to no evidence to support his claim of actual innocence.  We therefore conclude that reasonable jurists could not disagree with the district court's rejection of VunCannon's actual innocence claim.

III

For these reasons, we DENY VunCannon's application for COA and dismiss the matter.  We also DENY his motion for leave to proceed IFP.

Entered for the Court

Mary Beck Briscoe
Circuit Judge